# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and BRANDON FLINN, MATT ANDREWS, STEVE MACDONALD, GARY ELLIOTT RICH MCLAUGHLIN, DONALD WILLEY, TERRY BRIGGS, DAVID A. GILLICK, BRAD GRANT, MICHAEL LUTZ, COREY BLACK and ROBERT BIEG, JR., Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and, JEFFREY O'CONNELL, RICHARD McLAUGHLIN, RONNY GRIFFIN, BRANDON FLINN, DONALD WILLEY, GARY ELLIOTT, LOU GRASSE, JOSEPH LERITZ, DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. LUTH and DAVID A. GILLICK, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and ST. LOUIS VACATION FUND – VACATION PLAN, an employee benefit plan, and GARY ELLIOTT, BRANDON FLINN, DONALD WILLEY, and MARK MURPHY, Trustees of the St. Louis Vacation Fund – Vacation Plan, and AGC–EASTERN MISSOURI LABORERS' JOINT TRAINING FUND, an employee benefit plan, and PATRICK R. PRYOR, DONALD WILLEY, PERRI PRYOR, GARY ELLIOTT, RICHARD McGUIRE, BRANDON FLINN, PHIL HOCHER, MICHAEL LUTH, JOE SCARFINO, CLIFF LAND, FRANK MARCHESI and JOHN J. SMITH, JR., Trustees of the AGC–Eastern Missouri Laborers' Joint Training Fund, and LOCAL UNION NOS. 42-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| ZOIE LLC, | ) |

d/b/a DANA HOWARD CONSTRUCTION,     )
    Defendant.                                                     )

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Brandon Flinn, Matt Andrews, Steve MacDonald, Rich McLaughlin, Donald Willey, Gary Elliott, Terry Briggs, David A. Gillick, Brad Grant, Michael Lutz, Corey Black, and Robert Bieg, Jr. and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Ronny Griffin, Brandon Flinn, Donald Willey, Gary Elliott, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and David A. Gillick, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Donald Willey, and Mark Murphy are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, Phil Hocher, Michael Luth, Joe Scarfino, Cliff Land, Frank Marchesi, and John J. Smith, Jr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant Zoie LLC d/b/a Dana Howard Construction is an active Illinois limited liability company conducting business in this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

7. This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of a contract with defendants.

## COUNT I

1. At all times material, Zoie LLC d/b/a Dana Howard Construction was signatory to and bound by the provisions of a collective bargaining agreement requiring the submission of monthly report forms and monthly payments to various employee benefit funds in specified amounts.

2. The collective bargaining agreement requires defendant to pay liquidated damages of twenty percent (20%) on delinquent fringe benefit contributions.

3. Despite demand, defendant Zoie LLC d/b/a Dana Howard Construction has failed to submit its monthly reports and contributions for the months of November and December, 2018.

4. Based on reports submitted by Zoie LLC d/b/a Dana Howard Construction for the months of July through October 2018, defendant owes plaintiffs $52,277.41 in late contributions

and $16,762.34 in liquidated damages.

5. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

**WHEREFORE**, plaintiffs pray the Court as follows:

a. For an interlocutory order requiring defendant to submit the required employee hours report form and contributions for the months of November and December 2018;

b. For an interlocutory judgment requiring defendant to pay to plaintiffs the amounts known to be owed;

c. For an order requiring defendant to submit reports and make payments in the future to the plaintiffs in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

d. For judgment against defendant for any and all other amounts found to be owed by defendant to plaintiffs including, but not limited to, contributions, interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

e. For such other and further relief as the Court may consider appropriate under the circumstances.

## **COUNT II**

1. The plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 5, above.

2. At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring it to obtain and maintain a surety bond in favor of plaintiff Funds in the amount of $25,000.00.

3. The defendant has failed to establish and maintain a surety bond as required by the collective bargaining agreement.

4. The defendant has failed to furnish evidence of such a bond to the plaintiffs.

5. The surety bond is a material aspect of the collective bargaining agreement.

6. Absent such a bond, plaintiffs and the individual Union members they represent stand to suffer irreparable harm.

7. Plaintiffs will have no adequate remedy at law if the required bond is not obtained and maintained by the defendant.

**WHEREFORE**, plaintiffs pray:

a. That this Court enter an injunction prohibiting defendant from performing work of a type covered by defendant's collective bargaining agreement with Laborers Locals 42-53-110 within the geographical area covered by that collective bargaining agreement until such time as defendant obtains the required surety bond or letter of credit; and

b. That this Court award such other and further relief as the Court may deem appropriate.

Respectfully Submitted,

**HAMMOND and SHINNERS, P.C.**

  /s/ Janine M. Martin
JANINE M. MARTIN, #55240
13205 Manchester Rd., Suite 210
St. Louis, Missouri 63131
Phone: (314) 727-1015
Fax: (314) 727-6804
jmartin@hammondshinners.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been served by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013; and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220, this ___ day of January 2019.

  /s/ Janine M. Martin